IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TRAVIS COLE MAXFIELD,**

    **Petitioner,**

v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

Case No. 3:23-CV-02372-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Travis Cole Maxfield (Doc. 1), as well as a Motion to Dismiss filed by Respondent United States of America (Doc. 16). Maxfield filed a timely response to the motion to dismiss. (Doc. 19).

On November 18, 2014, a federal grand jury returned a 15-count Indictment against Maxfield and his co-defendants, with five counts directed at Maxfield. *United States v. Maxfield*, Case No. 3:14-CR-30197-NJR-2, Doc. 1. Maxfield was charged with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count 1), manufacture of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2), distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 3), and possession of a listed chemical knowing it would be used to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(2) (Counts 9 and 10). *Id.*

Maxfield pleaded guilty to all five counts against him on February 24, 2015. *Id.* at Docs. 76, 79, 122. In June 2015, the undersigned entered judgment against Maxfield and sentenced him to 188 months' imprisonment on Counts 1, 2, 3, 9 and 10 of the Indictment, all to run concurrently. *Id.* at Docs. 119, 122. The Seventh Circuit affirmed Maxfield's conviction and sentence. *United States v. Maxfield*, No. 15-2339, 812 F.3d 1127 (7th Cir. 2016).[1] Maxfield did not seek certiorari from the United States Supreme Court.

Seven years after his conviction became final, Maxfield sought relief under 28 U.S.C. § 2255. Maxfield asserts that he was classified as a career offender for two prior felony convictions of residential burglary and aggravated battery. Maxfield argues that his 2006 conviction for residential burglary in Illinois no longer qualifies as a crime of violence under *United States v. Glispie*, 978 F.3d 502 (7th Cir. 2020), and *Mathis v. United States*, 579 U.S. 500 (2016). As such, according to Maxfield, this prior conviction no longer qualifies as a valid predicate for a career offender designation or enhancement, thus, his sentence is unconstitutional, and he should be resentenced with no career offender enhancement and a lower guideline range.

Maxfield also urges the Court to allow the strict one-year limitation period to start from when he uncovered *Mathis v. United States* (a Supreme Court case) through *United States v. Glispie* (a Seventh Circuit case), which occurred on October 13, 2022. (Doc. 8). He appears to make this argument under § 2255(f)(4), as he did not learn of the "facts supporting his claim" until then. (*Id.*). He also asserts that he mistakenly and improperly

---

[1] The Seventh Circuit decided Maxfield's appeal on February 11, 2016, but the Mandate was docketed in the district court case on March 4, 2016. *See United States v. Maxfield,* Case No. 3:14-CR-30197-NJR-2, Doc. 215.

attempted to resolve this issue directly through the Bureau of Prisons, which he now realizes lacks jurisdiction over the matter. (*Id.*).

In response, the Government moved to dismiss Maxfield's petition as untimely. The Government argues that, because the Seventh Circuit affirmed Maxfield's conviction and sentence on February 11, 2016, and the mandate was filed on March 4, 2016, Maxfield's judgment became final on June 2, 2016 at the latest. According to the Government, Maxfield's § 2255 motion must have been filed within one year, on or before June 2, 2017, for it to be considered timely. But Maxfield filed his § 2255 motion over *six* years later. Thus, the Government contends that the motion is untimely and must be dismissed.

Aside from his prior arguments about timeliness, Maxfield responded to the Government's Motion to Dismiss to explain that his motion is "timeless" because he lacked access to the law library and experienced long periods of lockdown in prison, which prevented him from discovering the relevant case law that supports his position.

A motion under § 2255 allows a federal prisoner "in custody . . . claiming the right to be released" to attack his sentence on the grounds that it was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A motion under § 2255 is subject to a one-year time limitation that generally runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by

>    governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

If a petitioner directly appeals his conviction, the judgment becomes final upon the denial of a petition for certiorari or the expiration of the period in which a petition for certiorari could have been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). The period for filing such a petition expires 90 days after the court of appeals enters judgment or denies a petition for rehearing. Sup. Ct. R. 13.1. Here, the Seventh Circuit affirmed Maxfield's conviction and sentence on February 11, 2016, and filed its final judgment on the same day. He did not seek certiorari from the United States Supreme Court, so his judgment became final on May 11, 2016. Maxfield then had one year to file his § 2255 motion under § 2255(f)(1). Because Maxfield did not file until July 10, 2023, his § 2255 motion is over six years late—unless another exception applies.

Maxfield cites to *Mathis* and *Glispie*, but he does not explain how these cases extend his time to file a § 2255 motion under § 2255(f)(2)-(4) other than to say he discovered new "facts" supporting his presented claims on October 13, 2022, when he found these cases. Maxfield also states that he could not have discovered these cases earlier through due diligence because he had limited access to the prison law library and experienced

restrictive lockdowns. Section 2255(f)(4) does allow the one-year statute of limitations to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But that provision "is not triggered when a petitioner discovers or understands a new legal decision or theory." *United States v. Hayes*, No. 19 C 50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see also Reynolds v. United States*, No. 15-CV-26, 2018 WL 1257751, at *3 (S.D. Ill. Mar. 12, 2018) ("A court decision can only serve as a fact within the meaning of § 2255(f)(4) if it is handed down within the petitioner's own litigation history and changes his legal status." (internal quotation marks omitted)).

Analyzing comparable provisions in 28 U.S.C. § 2244(d) relating to applications for writ of habeas corpus for persons in state custody, the Seventh Circuit concluded that, though some court judgments could potentially trigger a new limitations period, a court decision modifying substantive law does not constitute a factual predicate justifying a new one-year limitations period. *Lo v. Endicott*, 506 F.3d 572, 575-76 (7th Cir. 2007). Further, the Court of Appeals explained that to suggest "any decision by any court on any issue could constitute a 'factual predicate' would swallow up the specifically delineated limitations" within the statute. *Id.* at 576. Such is also true for the limitations outlined in § 2255(f).

Even if § 2255(f)(4) or any other subsection did apply here, *Mathis* was decided on June 23, 2016 (before Maxfield's original one-year window expired), and *Glispie* was decided on October 14, 2020. Maxfield did not file his § 2255 motion until July 10, 2023, well beyond one year from the date of those decisions. He also does not point to any

specific impediment to his ability to file his motion or any hindrance to his exercise of due diligence in discovering these cases other than vaguely alluding to a lack of law library access and facility lockdowns. Also notable, *Glispie* is a Seventh Circuit case, not a Supreme Court decision, which would be required to invoke § 2255(f)(3).

For these reasons, the Court finds that Maxfield's motion is untimely. Therefore, the Court grants Respondent United States of America's Motion to Dismiss (Doc. 16), and the Court denies the Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Travis Cole Maxfield (Doc. 1).

The Court will now address a different topic raised in many of the letters and motions filed by Maxfield in this case. (*See* Docs. 2, 9, 13, 15, 18, 19, 20, 22, 23, 27). Maxfield begs the Court to release him and allow him to go home to his children who need him. It is clear he desperately desires to be a present father and husband. He also expresses that he has learned his lesson, plans to stay away from drugs, and will never appear in court again. This ruling does not signal the Court's indifference or disregard of these pleas. It merely reflects the rigidity with which the procedural rules are applied for § 2255 motions. The Court encourages Maxfield to continue in his pursuit to become a productive member of his family and society now and after his eventual release. He is simply precluded from raising the legal arguments described above in a § 2255 motion due to the strict time limitations at issue. To be sure, this Order also does not evaluate the merits of the legal arguments he has attempted to raise.

### CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Cases requires the district court to

"issue or deny a certificate of appealability when it enters a final order averse to the applicant." "[A] district court's dismissal of a motion on the ground that it is an unauthorized successive collateral attack constitutes a final order within the scope of 28 U.S.C. § 2253(c), and therefore a certificate of appealability is required." *Sveum v. Smith*, 403 F.3d 447, 448 (7th Cir. 2005) (per curium). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542 U.S. 274, 282 (2004)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (holding that to obtain a certificate of appealability after dismissal on procedural grounds, a petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling").

As set forth above, the Court has determined that Maxfield's § 2255 motion is untimely, and reasonable jurists would not find that conclusion debatable or wrong. Thus, Maxfield has not presented a valid claim or a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

### NOTICE OF APPELLATE RIGHTS

If Maxfield wishes to contest this Order, he has two options. He can ask the

Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before going to the Seventh Circuit.

If Maxfield chooses to go directly to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(B). The deadline can be extended for a short time only if Maxfield files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C); *see also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807-08 (7th Cir. 2011) (explaining the excusable neglect standard).

Additionally, Maxfield will only be allowed to proceed on his appeal if he first obtains a certificate of appealability. Here, the undersigned has already declined to issue a certificate of appealability. Thus, Maxfield must request a certificate of appealability from the Court of Appeals pursuant to Federal Rule of Appellate Procedure 22 and 28 U.S.C. § 2253(c), in addition to filing his notice of appeal.

The current cost of filing an appeal with the Seventh Circuit is $605.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Maxfield cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a). The IFP motion must set forth the issues Maxfield plans to present on appeal. FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be

required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

On the other hand, if Maxfield wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within 28 days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707-08 (7th Cir. 2010); *see also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(1)(A), (a)(4), & (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or is "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014). Again, this deadline can be extended only on a written motion by Maxfield showing excusable neglect or good cause.

## CONCLUSION

For the reasons set forth above, Respondent United States of America's Motion to

Dismiss (Doc. 16) is **GRANTED**, and Petitioner Travis Cole Maxfield's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DISMISSED**. Thus, this entire action is **DISMISSED** with prejudice. The Court also declines to issue a certificate of appealability. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

    **IT IS SO ORDERED.**

    DATED:    September 5, 2024

                                                  _____
                                                  **NANCY J. ROSENSTENGEL**
                                                  **Chief U.S. District Judge**